UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No.:

| | |
|---|---|
| DIMEO CONSTRUCTION,<br>    Plaintiff<br><br>v.<br><br>NETHERLANDS INSURANCE COMPANY,<br>R&R WINDOW CONTRACTORS, INC.,<br>HARLEYSVILLE INSURANCE and<br>CHABOT & BURNETT CONSTRUCTION CO., INC.,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY JUDGMENT

### PARTIES

1. The Plaintiff, Dimeo Construction, of 75 Chapman Street, Providence, Rhode Island ("Dimeo") is corporation with a principal place of business in Providence, Providence County, Rhode Island.

2. The Defendant, Netherlands Insurance Company ("Netherlands"), is upon information and belief, an insurance company with a principle place of business office in Keene, Cheshire County, New Hampshire.

3. The Defendant, R&R Window Contractors, Inc. ("R&R") is a Massachusetts construction company with a principal place of business located in 1 Arthur Street, East Hampden, Hampden County, Massachusetts.

4. The Defendant, Harleysville Insurance ("Harleysville"), is upon information and belief, an insurance company licensed to conduct business within the Commonwealth of Massachusetts and a business office at 120 Front Street, Suite 400, Worcester, Worcester County, Massachusetts.

5. The Defendant, Chabot & Burnett Construction Co., Inc. ("Chabot & Burnett"), is a Massachusetts construction company with a principal place of business at 36 Ramah Circle, North Agawam, Hampden County, Massachusetts.

6. This is an action for declaratory judgment pursuant to 28 U.S.C.A §2201, for purposes of determining a question of actual controversy between the parties, as more fully appears below.

## FACTS

7.     The Plaintiff, Dimeo, is a defendant in a tort action brought by Paul Bulmer, a carpenter journeyman, employed by H.A.S. Construction at a jobsite at UMass-Amherst ("Project"). Paul Bulmer alleges that he was injured on March 28, 2006 while working at the Project.

8.     Dimeo Construction was the construction manager for the Project.

9.     Dimeo Construction entered into a subcontract with R&R to provide aluminum glazing systems for buildings A & C at the Project. R&R entered into a subcontract with H.A.S. Construction, the Plaintiff, Paul Bulmer's, employer.

10.     Pursuant to its subcontract with Dimeo, R&R agreed to indemnify and hold harmless Dimeo from and against all claims, damages, losses and expenses, including attorney's fees arising out of or resulting from the performance of R&R's work provided that any such claim, damage, loss or expense (a) is attributable to bodily injury, sickness, disease, or death, or to injury to or destruction of tangible property, including the loss of use resulting therefrom and (b) is caused in whole or in part by any negligent act or omission of R&R or anyone directly or indirectly employed by R&R or anyone for whose acts R&R may be liable.

11.     In addition, R&R contracted that it would be responsible to Dimeo for the acts and omissions of R&R's agents, employees and subcontractors performing work under the contract.

12.     Paul Bulmer was negligent when he failed to recognize an open and obvious condition on the surface of the workplace.

13.     Netherlands Insurance Company issued a commercial general liability policy, policy number: 0-CBP 9640143 to R&R ("the Policy").

14.     The Policy was effective from October 31, 2005 to October 31, 2006.

15.     The Policy requires that Netherlands Insurance Company provide defense and indemnity to Dimeo with respect to the claims brought by Paul Bulmer relating to his accident that allegedly occurred on March 28, 2006 and which is the subject of a lawsuit filed in the Hampden Superior Court, Docket No.: HDCV2009-00310.

16.     Dimeo Construction entered into a subcontract with Chabot & Burnett to provide masonry work in connection with the construction of new student residences at the University of Massachusetts Amherst.

17.     Pursuant to its subcontract with Dimeo, Chabot & Burnett agreed to indemnify and hold harmless Dimeo from and against all claims, damages, losses and expenses, including attorney's fees arising out of or resulting from the performance of Chabot & Burnett's work

provided that any such claim, damage, loss or expense (a) is attributable to bodily injury, sickness, disease, or death, . . . and (b) is caused in whole or in part by any negligent act or omission of Chabot & Burnett or anyone directly or indirectly employed by Chabot & Burnett or anyone for whose acts Chabot & Burnett may be liable.

18. Chabot & Burnett contracted that it would be responsible to Dimeo for the acts and omissions of Chabot & Burnett's agents and employees, subcontractors performing work under the contract.

19. Paul Bulmer alleges that he slipped on mason's sand that was negligently left on the working surface by Chabot & Burnett or one of its subcontractors.

20. Harleysville Insurance Company issued a commercial general liability policy, policy number: CB8G8429 to Chabot & Burnett ("the Policy").

21. The Policy was effective from March 31, 2005 to March 31, 2006.

21. The Policy requires that Harleysville Insurance Company provide defense and indemnity to Dimeo with respect to the claims brought by Paul Bulmer relating to his accident that allegedly occurred on March 28, 2006 and which is the subject of a lawsuit filed in the Hampden Superior Court, Docket No.: HDCV2009-00310.

23. Jurisdiction in this court is appropriate pursuant to 28 U.S.C.A. §1332 as the Plaintiff and Defendants are citizens of different states and the controversy exceeds the value of $75,000, exclusive of interests and costs.

## COUNT I
### Declaratory Judgment – R&R Window Contractors, Inc.

24. The Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 23 above.

25. The Plaintiff, Dimeo Construction, asserts that the claims brought by Paul Bulmer in the lawsuit filed in the Hampden Superior Court Docket No.: HDCV2009-00310 relating to an accident that occurred on March 28, 2006 trigger the defense and indemnity obligation of R&R as contained in its subcontract with Dimeo Construction.

26. Paul Bulmer's injuries were caused by his negligence, the negligence of Paul Bulmer's employer, H.A.S. Construction and/or by R&R. Pursuant to the subcontract between R&R and Dimeo Construction, R&R is obligated to defend Dimeo Construction with respect to the claims brought by Mr. Bulmer in the lawsuit filed in Hampden Superior Court Docket No.: HDCV2009-00310.

27. Paul Bulmer alleges that his injuries are caused due to the negligence of R&R. Pursuant to the subcontract between R&R and Dimeo Construction, Chabot & Burnett is

3

obligated to indemnify Dimeo Construction with respect to the claims brought by Mr. Bulmer in the lawsuit filed in Hampden Superior Court Docket No.: HDCV2009-00310

28. Dimeo Construction has requested defense from R&R in connection with the claims brought by Paul Bulmer and R&R has refused to provide defense and indemnity to Dimeo Construction and is in breach of the subcontract.

WHEREFORE, Dimeo Constructions demands that this Honorable Court enter judgment declaring that:

a. R&R owes a duty to defend Dimeo Construction with respect to the claims brought by Paul Bulmer against Dimeo Construction in the lawsuit filed in Hampden Superior Court Docket No.: HDCV2009-00310.

b. R&R owes a duty to indemnify Dimeo Construction with respect to the claims brought by Paul Bulmer against Dimeo Construction in the lawsuit filed in Hampden Superior Court Docket No.: HDCV2009-00310.

c. Award Dimeo Construction its costs, expenses and attorney's fees associated with this declaratory judgment action.

WHEREFORE, the Plaintiff, Dimeo Construction seeks costs, expenses, attorney's fees associated with this declaratory action.

## COUNT II
### Declaratory Judgment – Netherlands Insurance Company

29. The Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 28 above.

30. The Plaintiff asserts that the claims brought by Paul Bulmer in the lawsuit filed in the Hampden Superior Court Docket No.: HDCV2009-00310 relating to an accident that occurred on March 28, 2006 fall within the coverage of the Netherlands Insurance Company ("Netherlands") policy as referred to above.

31. Pursuant to the policy, Netherlands owes a duty of defense to Dimeo with respect to the claims asserted in the complaint brought by Paul Bulmer.

32. Netherlands owes a duty of indemnity to Dimeo with respect to the claims brought by Paul Bulmer with respect to his Hampden Superior Court complaint.

33. Dimeo has made a demand upon Netherlands to assume the defense and indemnity of Dimeo with respect to the claims brought by Paul Bulmer in his complaint filed in the Hampden Superior Court and Netherlands has not provided a defense and indemnity to Dimeo.

WHEREFORE, the Plaintiff, Dimeo Construction, demands that this Honorable Court entry judgment declaring that:

a. Netherlands Insurance Company owes a duty to defend Dimeo Construction with respect to the claims brought by the Plaintiff, Paul Bulmer against Dimeo Construction in the Hampden Superior Court, Docket No.: HDCV2009-00310.

b. Netherlands Insurance Company owes a duty to indemnify Dimeo Construction with respect to the claims brought by the Plaintiff, Paul Bulmer against Dimeo Construction in the Hampden Superior Court, Docket No.: HDCV2009-00310.

c. To award Dimeo Construction its costs, expenses and attorney's fees associated with this declaratory judgment action.

## COUNT III
### Declaratory Judgment – Chabot & Burnett Construction Co., Inc.

34. The Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 33 above.

35. The Plaintiff, Dimeo Construction, asserts that the claims brought by Paul Bulmer in the lawsuit filed in the Hampden Superior Court Docket No.: HDCV2009-00310 relating to an accident that occurred on March 28, 2006 trigger the defense and indemnity obligation of Chabot & Burnett as contained in its subcontract with Dimeo Construction.

36. Paul Bulmer alleges that his injuries are caused due to the negligence of Chabot & Burnett or its subcontractor.

37. Pursuant to the subcontract between Chabot & Burnett and Dimeo Construction, Chabot & Burnett is obligated to defend Dimeo Construction with respect to the claims brought by Mr. Bulmer in the lawsuit filed in Hampden Superior Court Docket No.: HDCV2009-00310.

38. Pursuant to the subcontract between Chabot & Burnett and Dimeo Construction, Chabot & Burnett is obligated to indemnify Dimeo Construction with respect to the claims brought by Mr. Bulmer in the lawsuit filed in Hampden Superior Court Docket No.: HDCV2009-00310

39. Dimeo Construction has requested defense from Chabot & Burnett and Chabot & Burnett has refused to provide defense and indemnity to Dimeo Construction and is in breach of the subcontract.

WHEREFORE, Dimeo Constructions demands that this Honorable Court enter judgment declaring that:

a. Chabot & Burnett owes a duty to defend Dimeo Construction with respect to the claims brought by Paul Bulmer against Dimeo Construction in the lawsuit filed in Hampden Superior Court Docket No.: HDCV2009-00310.

b. Chabot & Burnett owes a duty to indemnify Dimeo Construction with respect to the claims brought by Paul Bulmer against Dimeo Construction in the lawsuit filed in Hampden Superior Court Docket No.: HDCV2009-00310.

c. To award Dimeo Construction its costs, expenses and attorney's fees associated with this declaratory judgment action.

## COUNT IV
### Declaratory Judgment – Harleysville Insurance Company

40. The Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 39 above.

41. Pursuant to the policy, Harleysville owes a duty of defense to Dimeo with respect to the claims asserted in the complaint brought by Paul Bulmer.

42. Pursuant to the policy, Harleysville owes a duty of indemnity to Dimeo with respect to the claims brought by Paul Bulmer with respect to his Hampden Superior Court complaint.

43. Dimeo has made a demand upon Harleysville to assume the defense and indemnity of Dimeo with respect to the claims brought by Paul Bulmer in his complaint filed in the Hampden Superior Court and Harleysville has not provided a defense and indemnity to Dimeo.

WHEREFORE, the Plaintiff, Dimeo Construction, demands that this Honorable Court enter judgment declaring that:

d. Harleysville Insurance Company owes a duty to defend Dimeo Construction with respect to the claims brought by the Plaintiff, Paul Bulmer against Dimeo Construction in the Hampden Superior Court, Docket No.: HDCV2009-00310.

e. Harleysville Insurance Company owes a duty to indemnify Dimeo Construction with respect to the claims brought by the Plaintiff, Paul Bulmer against Dimeo Construction in the Hampden Superior Court, Docket No.: HDCV2009-00310.

f.  To award Dimeo Construction its costs, expenses and attorney's fees associated with this declaratory judgment action.

>
> Respectfully Submitted,
> DIMEO CONSTRUCTION,
> The Plaintiff,
> By Their Attorney,
>
> *[signature]*
> William J. Dailey, III, BBO#558837
> SLOANE AND WALSH, LLP
> Three Center Plaza
> Boston, MA  02108
> (617) 523-6010
> wdailey3@sloanewalsh.com

Date: 6-25-10